(221 P.3d 596)

No. 100,452

STATE OF KANSAS, *Appellee,* v. STEVEN L. GREGG, *Appellant.*

—

Opinion filed March 13, 2009.

*Kathleen M. Cerne,* of Pittsburg, for appellant.

*Brian O. "Butch" Duncan,* assistant district attorney, *John Gutierrez,* district attorney, and *Steve Six,* attorney general, for appellee.

Before BUSER, P.J., ELLIOTT AND GREEN, JJ.

BUSER, J.: Following a bench trial, Steven Gregg was convicted of violating a protection from abuse (PFA) order, contrary to K.S.A. 21-3843. The order directed Gregg to not contact his mother, Eula Crabtree. Gregg appeals, contending there was insufficient evidence to support the conviction. We affirm.

In a criminal case, when the sufficiency of the evidence is challenged, the proper standard of review is whether, after reviewing all of the evidence, viewed in the light most favorable to the prosecution, this court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Gutierrez,* 285 Kan. 332, 336, 172 P.3d 18 (2007).

At trial, Gregg's mother testified that while she was at Wal-Mart her son "just followed me around a little bit there in Wal-Mart asking me to drop [the PFA]." Crabtree also testified that she ultimately "dropped" the PFA because of Gregg's "very insistence." Gregg testified on his own behalf that he briefly said hello to his mother at the Wal-Mart and then conversed with his brother, who was also present. Under cross-examination the following colloquy occurred between the prosecutor and Gregg:

"Q. You heard your mom testify that you were continually insistent upon her dropping this order; is that true?

"A. Well, I was insistent and just a conversation with each other, yes."

In finding Gregg guilty, the district judge stated:

"Your mother . . . did independently remember this, that you encountered her at Wal-Mart, you followed her around briefly, and that you asked her to drop the PFA. Indeed, your very testimony today admits that that occurred. That you saw her at Wal-Mart and you admit today through your testimony that you did ask her to drop the PFA, while you saw her at Wal-Mart."

Gregg did not object to the district court's findings.

On appeal, Gregg contends the district court misunderstood his testimony on cross-examination, and that when he admitted to a conversation wherein he insisted his mother "drop" the PFA, it was not during the Wal-Mart encounter. The district court understood the testimony differently.

Without consideration of the disputed testimony by Gregg on cross-examination, however, our review of the record convinces us that, viewed in the light most favorable to the prosecution, a rational factfinder could have found Gregg guilty beyond a reasonable doubt. The PFA order directed that Gregg should have "no contact with [Crabtree], directly or indirectly." Crabtree testified that her son approached her at Wal-Mart and asked her "to drop" the PFA. Moreover, Gregg admitted that he said "hello" to his mother. This evidence—without consideration of the disputed testimony on cross-examination—was sufficient to prove beyond a reasonable doubt that Gregg had contacted his mother in contravention of the PFA and in violation of K.S.A. 21-3843.

Affirmed.